STATE OF VERMONT
CALEDONIA COUNTY, SS.

FILED

2003 OCT 22 A 11:01

CALEDONIA COUNTY COURTS

| | |
|---|---|
| JEREMY SMITH | ) CALEDONIA SUPERIOR COURT |
| | ) |
| v. | ) DOCKET NO. 273-10-03 Cacv |
| | ) |
| NORTHEASTERN VERMONT | ) 2:03-cv-346 |
| REGIONAL HOSPITAL, INC. | ) |
| *and* | ) |
| NORTHERN COUNTIES HEALTH | ) |
| CARE, INC. | ) |
| d/b/a ISLAND POND HEALTH CENTER | ) |

## COMPLAINT

Jeremy Smith says as follows:

1. On February 7, 2003, Jeremy Smith, who resides in East Burke, Vermont, cut his right wrist while he was cleaning some glass.

2. Jeremy went to the Emergency Department at Northeastern Vermont Regional Hospital, Inc. (NVRH) in St. Johnsbury, Vermont for treatment and was seen by Paul Newton, M.D., a doctor employed by the hospital acting within the scope of his employment.

3. Dr. Newton diagnosed Jeremy with a wrist laceration, tendon injury, and nerve injury.

4. Dr. Newton sutured the laceration, but failed to treat the nerve and tendon injury. Based on the nature of the injury, the symptoms presented, and his observations, Dr. Newton should have realized that Jeremy had lacerated his right median nerve and sought an immediate consult with a surgeon capable of doing a repair. Instead, Dr. Newton discharged Jeremy, advising him to see his primary care physician if he had

persistent nerve injury. He made no referral to a hand surgeon.

5. The Island Pond Health Center is the tradename for the health care facility owned and operated by Northern Counties Health Care, Inc.

6. On February 10, 2003, Jeremy went to the Island Pond Health Center in Island Pond, Vermont as instructed for follow-up treatment. He saw James Lontine, a physician's assistant and employee of the Health Center, who was acting within the scope of his employment. Despite readily apparent symptoms of severe damage to Jeremy's median nerve, James Lontine failed to make an immediate referral to a hand surgeon for diagnosis and repair. An appointment was scheduled with Dr. Dreisbach for February 19, 2003.

7. Jeremy returned to the Health Center on February 17, 2003 with continued pain and numbness in his hand, and was told only to keep his appointment with Dr. Dreisbach.

8. On February 19, 2003, Jeremy saw Dr. Dreisbach, who operated that day to try and repair the median nerve which was 66-70% severed.

9. Jeremy Smith has suffered permanent damage to his median nerve with resulting pain, suffering, disability, loss of function, and other damages as the direct and proximate result in the delayed repair of his right median nerve.

10. Paul Newton, M.D. failed to exercise the same degree of care and skill a reasonable physician would have exercised under the same circumstances when he failed to seek an immediate consultation with a physician capable of treating the nerve injury.

11. James Lontine, P.A. failed to exercise the same degree of skill and care which a reasonable physician's assistant would have exercised under the same

circumstances when he failed to ensure that Jeremy receive immediate treatment and repair of his median nerve injury.

12.     The failures of Paul Newton, M.D. and James Lontine, P.A., individually and jointly, combined to result in the delayed repair of Jeremy Smith's median nerve and the resulting permanent damage.

12.     Northeastern Vermont Regional Hospital, Inc. and Northern Counties Health Care, Inc. are jointly and severally liable for the acts of their respective employees.

WHEREFORE, Jeremy Smith seeks appropriate damages.

Dated at Barre, Vermont this 20 day of October, 2003.

Respectfully submitted,

JEREMY SMITH

By_____
Richard I. Rubin, Esq.

STATE OF VERMONT
CALEDONIA COUNTY, SS.

| | |
|---|---|
| JEREMY SMITH | ) CALEDONIA SUPERIOR COURT |
| | ) |
| | ) |
| v. | ) DOCKET NO. 273-10-03 Cacv |
| | ) |
| NORTHEASTERN VERMONT | ) |
| REGIONAL HOSPITAL, INC. | ) |
| *and* | ) |
| NORTHERN COUNTIES HEALTH | ) |
| CARE, INC. | ) |
| d/b/a ISLAND POND HEALTH CENTER | ) |

## SUMMONS

You are hereby summoned and required to serve upon Richard I. Rubin, Esq., plaintiffs' attorney, whose address is 237 North Main Street, Barre, Vermont 05641, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.**

Dated: October, 20, 2003

_____
Richard I. Rubin, Esq.
Plaintiffs' Attorney

Served on:_____

_____
Deputy Sheriff/Constable